# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNNY M. MARES,

    Plaintiff,

v.                                                                                   CIV 98-0408 BB/KBM

KENNETH S. APFEL, Commissioner,
Social Security Administration,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Mares') Motion to Reverse, which he filed December 9, 1998. The Commissioner of Social Security issued a final decision denying Mares' application for disability insurance benefits. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, I find that the motion is not well taken and recommend that it be denied.

### A. Facts / Procedural Background

Mares, who was fifty-seven at the time of the administrative hearing [AR 111], has an eighth-grade education. [AR 23] He has worked as a dairy milker and as a saw operator. [AR14] Mares filed his application September 26, 1994 for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act. [AR 42-46] He claimed disability beginning January 1, 1991 [AR 42] due to back problems and chronic obstructive pulmonary disease. [AR 14] The administrative law judge (ALJ) denied Mares' claim

1

August 28, 1996, on the ground that Mares could return to his past relevant work. [AR 17] The Appeals Council denied Mares' request for review March 17, 1998. [AR 3]  The ALJ's decision thus became the Commissioner's final decision for purposes of review.  Mares seeks this Court's review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

### B.  Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.  *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993), citing 42 U.S.C. § 423(d)(1)(A).  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  20 C.F.R. § 404.1520 (a-f).  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled.  *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, that he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and that his impairment

2

meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or that he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1420 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to demonstrate that the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

### C. Discussion

Mares argues that the ALJ erred at step four in concluding that he could return to his past relevant work. [MTR 3] As such, I frame the main issue as whether substantial evidence supported the ALJ's finding that Mares was not disabled and could return to his past relevant work. I then address miscellaneous issues Mares has raised in this appeal, which do not warrant reversal or remand.

*1. Objective medical evidence constituted substantial evidence to support the ALJ's determination that Mares could return to his past relevant work.*

In terms of evidence, there is simply not much in the record regarding Mares' complaints of medical problems. Specifically, there is not substantial evidence in the form of medical histories or examinations to support Mr. Mares' claim for disability. Especially noteworthy for its absence is the record of an examination of Mares apparently performed by the welfare department in 1994. Mares' attorney was to provide the examination record to the ALJ, but never did. [AR 12, 38-39]

The ALJ "has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v.*

3

*United States Dept. of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993) (citation omitted). This obligation exists despite the presence of counsel, although it is heightened when the claimant is unrepresented. *Id*. at 361. At the same time, the ALJ does not have the duty to be claimant's advocate; rather, the claimant bears the burden of proof at step four to show that his impairment renders him unable to perform his past relevant work. *Id*. at 360-61.

Here, the ALJ fulfilled her obligation, and perhaps went the extra mile, in writing to remind Mares' attorney to submit the additional evidence the attorney discussed at the hearing. [AR 117] Mares' attorney never produced the evidence, and apparently failed to inform the ALJ that the evidence did not exist, if that was the case. [AR 12] Moreover, the ALJ also ordered a psychological assessment of Mares. [AR 12, 118-21] The foregoing shows that the ALJ fulfilled her obligation to develop the record.

The medical evidence that was presented constitutes substantial evidence supporting the ALJ's decision that Mares was not disabled. For example, in the Initial Disability Determinations, Exhibits 3 and 4, Dr. Nancy Nickerson found that Mares could lift up to 50 pounds occasionally, lift 25 pounds frequently, stand or walk about six hours in an eight-hour day, sit about the same, had no limitations on pushing or pulling, and had good range of motion, with the ability to stoop and bend as related to his lumbar spine. [AR 49] Furthermore, he had no postural, manipulative, visual, communicative, or environmental limitations. [AR 50-52] The only limitation Dr. Nickerson mentioned was a December 1994 "CE" (consultative exam) finding Mares "unable to perform heavy work," with which she agreed. [AR 54]

Likewise, Dr. Gonzales concluded after examining Mares that "it would be somewhat difficult [for Mares] to perform heavy work-related activities or other activities requiring a [sic]

4

large intellectual capacities." [AR 112] Dr. Gatling, the psychologist, agreed. He found that Mares had "some level of intellectual impairment, functioning in the Borderline range, as such could probably not handle nonstructured, independent, highly complex job situations." [AR 122]

At step four, the claimant bears the burden of proving that he cannot do his past relevant work. *Henrie*, 13 F.3d at 360. Dr. Nickerson and Dr. Gonzales concluded that Mares could not do heavy work, but implicitly found that he could do medium work. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(d). Mares described his past work as involving lifting no more than 50 pounds and lifting up to 50 pounds frequently. [AR 99-100] Mares' description thus appears to put his past duties in the medium to heavy range.

The Dictionary of Occupational Titles (DOT) entry for a "machine milker," which most closely parallels Mares' title and activities he related of his dairy work, describes medium work. 20 C.F.R. § 410.685-010. His "saw operator" description appears to show light work. 20 C.F.R. § 677.685-034. [MTR 3] The ALJ properly found that Mares could do his past relevant work, given that the DOT characterizes Mares' past work as light to medium, his consultative exams classified him as having medium strength, and Mares' own overall "medium" description of his general job duties. *See Henrie*, 13 F.3d at 361 (ALJ must determine physical and mental demands of claimant's past relevant work, and whether claimant has ability to do work despite limitations).

Thus, even though one fact appears to go against the ALJ's decision – the frequently lifted 50 pounds in Mares' past work – the record taken as a whole supports the ALJ's decision. *See*

5

*Broadbent v. Harris*, 698 F.2d 407, 412 (10th Cir. 1983) (not required that all findings of record support the ALJ's determination, but substantiality of the evidence taken as a whole). Even if the ALJ did not otherwise properly find that Mares had the residual functional capacity to perform his prior work, she could have referred to the DOT entries stated above, and the result would have been the same. *See* S.S.R. 82-61 (where claimant cannot perform excessive functional demands required in former job, but can perform as generally required by employers throughout the economy, the claimant should be found not disabled).

  2. *Miscellaneous Issues.*

  Mares argues that the ALJ failed to make a finding as to how his mental problems would affect his persistence and pace. [MTR 4]  Nevertheless, the ALJ specifically found that "His intellectual capacity did not impair his ability to perform these jobs in the past." [AR 14]   There was no allegation that Mares' intellectual capacity had diminished since then.

  Mares also objects to the ALJ's finding that alcoholism was material in the case. [MTR 6, AR 14] *See* 20 C.F.R. §§ 404.1525, 416.935.  I agree with the Commissioner that since substantial evidence supported the ALJ's conclusion that Mares was not disabled, a finding regarding alcoholism was unnecessary to support the conclusion. [RES 6-7]  As such, the question of alcohol abuse is also unnecessary to address here.

  Mares implies that the ALJ was required to make a specific finding that testimony regarding his need to lie down frequently was not credible. [MTR 6]   However, the ALJ expressly found that Mares exaggerated his symptoms and functional limitations.  The ALJ found such testimony generally lacking in credibility because Mares took no medication, did not seek medical treatment (low cost or otherwise), but was able to drive, fish, and attend church. [AR 13]

When determining the credibility of pain testimony, the ALJ should consider such factors as 'the levels of medication and their effectiveness, the extensiveness of the attempts (medical or non-medical) to obtain relief, the frequency of medical contacts, the nature of daily activities . . . ." *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993). The ALJ unmistakably took these factors into account in assessing Mares' credibility.

## D. CONCLUSION / RECOMMENDED DISPOSITION

I recommend denying Plaintiff's Motion to Reverse for the reasons set forth above. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1).

_____
Karen Ballard Molzen
UNITED STATES MAGISTRATE JUDGE

Counsel for Plaintiff:   James A. Burke, Esq.
P.O. Box 9332
Santa Fe, NM 87504-9332

Counsel for Defendant:   Joan M. Hart, Esq.
UNITED STATES ATTORNEY'S OFFICE
P.O. Box 607
Albuquerque, NM 87103

Una McGeehan
OFFICE OF THE GENERAL COUNSEL
 SOCIAL SECURITY ADMINISTRATION
1301 Young Street, Suite 130
Dallas, TX 75202